DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Joseph Pipher, has appealed from the order of the Wayne County Court of Common Pleas finding him to be a sexual predator. We affirm.
On April 14, 1992, Defendant was indicted on two counts of rape, in violation of R.C. 2907.02; and thirty-seven counts of illegal use of minor in nudity-oriented material or performance, in violation of R.C.2907.323(A)(1). On June 18, 1992, Defendant pled guilty to all charges. On June 29, 1992, Defendant was sentenced accordingly. On May 10, 2000, Defendant was found to be a sexual predator. Defendant timely appealed and has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I [Defendant] was denied due process of law at his sexual predator hearing because of ineffective assistance of legal counsel.
In his first assignment of error, Defendant has argued that he was denied effective assistance of counsel at his sexual predator hearing because his counsel refused to participate in the proceedings. In support of his argument he has pointed to his counsel's statements following the trial court's denial of his motion for a continuance. Counsel stated "I'm going to ask my client to appeal on ineffective assistance of counsel because I won't be doing anything today." Following the presentation of the State's case, defense counsel further stated "I have nothing to present, Your Honor. The evaluation not being done was an oversight on my part. And I do not understand why my client has to be denied effective assistance of counsel for something that he is not responsible for."
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 693. "First, the defendant must show that counsel's performance was deficient." Id. To meet this standard Defendant must be able to prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, Defendant must establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. The Ohio Supreme Court set out a substantially similar standard in State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus, holding "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
Notice of the sexual predator hearing was sent to the parties in February, 2000. Counsel was appointed to Defendant that same date. However, in spite of the fact that defense counsel was appointed to the case three months prior to the hearing, defense counsel indicated that she met with Defendant for the first time on the morning of the sexual predator hearing. At that point counsel learned that Defendant had been transferred to a facility where sexual offender treatment programs were offered and that Defendant was interested in enrolling in such a program. Defense counsel requested a six month continuance of the hearing to allow Defendant to pursue treatment. The trial court denied the motion noting that sufficient time had been given the parties to prepare and that the trial court had previously informed all parties that the hearing would go forward as scheduled. Following the trial court's denial of the requested continuance, defense counsel announced that she would not do anything at the hearing and that in light of her inaction she would encourage her client to appeal on the basis of ineffective assistance of counsel. Defense counsel repeated this sentiment at the close of the State's case.
As a preliminary matter, this Court notes that Defendant is entitled to be represented by counsel at a sexual predator hearing. R.C. 2950.09(B)(1). This Court further notes that defense counsel's actions were in complete contravention of Canon 7 of the Ohio Code of Professional Responsibility which mandates that a lawyer represent her client zealously. In light of the fact that defense counsel did nothing to assist Defendant at the sexual predator hearing, Defendant was in fact denied representation. Therefore, it is clear that defense counsel's actions and inaction constituted ineffective assistance of counsel.
Once it has been determined that counsel's performance was deficient, Defendant must establish that the deficient performance by counsel was serious enough that it resulted in prejudice to him. The Ohio Supreme Court has held that "[t]o show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Therefore, we must analyze the evidence presented at the sexual predator hearing and weigh such evidence against the potential that the outcome might have been different had defense counsel actually represented Defendant as required.
Pursuant to R.C. 2950.09(B)(2), when determining whether the individual is a sexual predator, the court must consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Prior to finding Defendant to be a sexual predator, the trial court indicated that it considered all relevant factors as enumerated in R.C.2950.09. Significant evidence was presented at the hearing to support the trial court's determination that Defendant should be classified as a sexual predator.
Evidence was first presented that there is a history of abuse in this case. Defendant admitted to being sexually abused as a child by an uncle. Additionally, a witness gave a statement to the investigators that Defendant had in the past sexually molested his own son and one of his son's friends. In the instant case, Defendant pled guilty to two counts of rape. Defendant himself admitted that on two separate occasions he engaged in oral sex with a nine-year-old boy. Additionally, the male victim in this case indicated to investigators that Defendant had penetrated him on ten occasions and that he had been forced to engage in oral sex with Defendant. The medical testimony supports that there was repeated penetration by an object into the male victim's anal opening over the course of several weeks.
Defendant also pled guilty to thirty-seven counts of illegal use of a minor in nudity-oriented material or performance. These charges stemmed from photographs that the police seized from Defendant's home of a young male victim and a young female victim in which the victims were naked and showing their genitals and anal openings. Some of these photographs showed that the sexual abuse of these victims involved bondage wherein the victims were bound and then hung upside down from the ceiling using a pulley system. Large quantities of sexually explicit materials involving bondage were seized from Defendant's home.
In addition to the issues of sexual abuse, there is a history of violence by Defendant. In 1979 Defendant physically assaulted his wife after she found pornographic photographs of the couple's son, the son's friend and Defendant in a locked chest in their home. Defendant's wife was found unconscious in a pool of blood in the bathtub. She was naked from the waist down and had rope tied around her ankle. She had been beaten in the head with a railroad spike by Defendant. Following the attack, the wife was left temporarily blind and permanently deaf. Evidence was also presented that Defendant had dismembered cats in front of his son and the son's friend while threatening the victims and the victims' families with the same fate if the young men spoke of the abuse.
The only evidence that Defendant indicates would have been presented, if given the opportunity, was a report from a sexual offender treatment program. This Court initially notes that at the time of the hearing Defendant had not previously participated in any type of treatment plan and was not presently enrolled in any such program. Therefore, it was pure speculation that Defendant might enroll in a sexual offender treatment program in the future and that reports would be available. Even assuming that such a report could have been produced, in light of the overwhelming evidence that supports the trial court's determination classifying Defendant as a sexual predator, a reasonable probability does not exist that the outcome of the hearing would have been different. Accordingly, the trial court's finding that Defendant is a sexual predator should not be reversed due to defense counsel's deficiencies. Defendant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II The trial court abused its discretion by denying [Defendant's] trial counsel a continuance of the sexual predator hearing for six months in order that [Defendant] might receive a report from sexual offender counseling in prison and/or from (sic.) denying trial counsel's request to hold the record open and for delay of judgment until such a report was obtained.
In his second assignment of error Defendant has argued that the trial court erred by denying his motion for a six month continuance to permit him to undergo sexual offender counseling. Alternatively, he has argued that the trial court erred by refusing to hold open the record for six months to permit him to supplement with a report from the treatment program.[1]
It is well established that the decision whether to grant or deny acontinuance is within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of that discretion. State v.Unger (1981), 67 Ohio St.2d 65, 67. The trial court below did not abuse its discretion in denying the continuance.
As stated above, the parties were given close to three months notice of the sexual predator hearing. Additionally, the parties were apprised of the fact that the hearings were to go forward as scheduled. Defendant has argued that he was not afforded the opportunity to undergo counseling until he was transferred to a medium security facility, and therefore, in spite of the knowledge of the hearing, the continuance was unavoidably necessary. As the trial court pointed out, sexual offender treatment programs frequently continue on for years and, thus, after six months Defendant most likely would not have completed the program. Additionally, the trial court encouraged Defendant to undergo the treatment not only for his own personal improvement but also in light of the fact that sexual predator determinations can be reconsidered in the future. R.C. 2950.09(D)(1). Accordingly, the trial court did not abuse its discretion in denying Defendant's motion for a continuance. Defendant's second assignment of error is without merit.
Defendant's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., CARR, J., CONCUR
[1] This Court construes Defendant's request to hold the record open for six months following the hearing as a modified request for a six month continuance of the hearing.